**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
                              (State)

Case number (*if known*): _____ Chapter _____

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

1. **Debtor's name**
   _____

2. **All other names debtor used in the last 8 years**
   _____
   _____
   Include any assumed names, trade names, and *doing business as* names
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)
   __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | _____ | _____ |
   | Number        Street | Number        Street |
   | | _____ |
   | | P.O. Box |
   | _____ | _____ |
   | City              State     ZIP Code | City              State     ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | _____ | _____ |
   | County | Number        Street |
   | | _____ |
   | | _____ |
   | | City              State     ZIP Code |

5. **Debtor's website** (URL)
   _____

Debtor _____   Case number (*if known*)_____
       Name

**6.**   **Type of debtor**

    ❑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

    ❑ Partnership (excluding  LLP)

    ❑ Other. Specify: _____

**7.**   **Describe debtor's business**

    A. *Check one:*

    ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ❑ Railroad (as defined in 11 U.S.C. § 101(44))

    ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ❑ None of the above

    B. *Check all that apply:*

    ❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

    ❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

    ❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    ___ ___ ___ ___

**8.**   **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    *Check one:*

    ❑ Chapter 7

    ❑ Chapter 9

    ❑ Chapter 11. *Check **all** that apply:*

        ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ❑ A plan is being filed with this petition.

        ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ❑ Chapter 12

Debtor _____    Case number *(if known)*_____
              Name

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☐ Yes.  District _____   When _____   Case number _____
                                                                    MM / DD / YYYY

          District _____   When _____   Case number _____
                                                                    MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☐ Yes.  Debtor _____   Relationship _____

          District _____   When _____
                                                                    MM  /  DD  / YYYY

          Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number         Street

                              _____

                              _____   _____
                              City                                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

---

**Statistical and administrative information**

---

Debtor _____   Case number (*if known*)_____
                  Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>❑ Funds will be available for distribution to unsecured creditors.<br>❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors¹** | ❑ 1-49<br>❑ 50-99<br>❑ 100-199<br>❑ 200-999 | ❑ 1,000-5,000<br>❑ 5,001-10,000<br>❑ 10,001-25,000 | ❑ 25,001-50,000<br>❑ 50,001-100,000<br>❑ More than 100,000 |
| **15. Estimated assets** | ❑ $0-$50,000<br>❑ $50,001-$100,000<br>❑ $100,001-$500,000<br>❑ $500,001-$1 million | ❑ $1,000,001-$10 million<br>❑ $10,000,001-$50 million<br>❑ $50,000,001-$100 million<br>❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion<br>❑ $1,000,000,001-$10 billion<br>❑ $10,000,000,001-$50 billion<br>❑ More than $50 billion |
| **16. Estimated liabilities\*** | ❑ $0-$50,000<br>❑ $50,001-$100,000<br>❑ $100,001-$500,000<br>❑ $500,001-$1 million | ❑ $1,000,001-$10 million<br>❑ $10,000,001-$50 million<br>❑ $50,000,001-$100 million<br>❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion<br>❑ $1,000,000,001-$10 billion<br>❑ $10,000,000,001-$50 billion<br>❑ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/01/2023
              MM / DD / YYYY

✖   */s/ Jonathan B. Leiken*                      _____
     Signature of authorized representative of debtor               Printed name

Title   Executive Vice President, Chief Legal Officer and Secretary

¹    The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Schedule 1, attached hereto.

Debtor _____     Case number *(if known)*_____
             Name

**18. Signature of attorney**      ✘    */s/ Matthew D. Cavenaugh*       Date    _____
                                        _____              MM   / DD  / YYYY
                                        Signature of attorney for debtor

                                        _____
                                        Printed name

                                        _____
                                        Firm name

                                        _____
                                        Number        Street

                                        _____     _____   _____
                                        City                                  State    ZIP Code

                                        _____     _____
                                        Contact phone                         Email address

                                        _____     _____
                                        Bar number                            State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-04879      .

2. The following financial data is the latest available information and refers to the debtor's condition on  March 31, 2023  .

    a. Total assets                                      $ 3,090.7 million

    b. Total debts (including debts listed in 2.c., below)     $ 2,571.7 million

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock

    e. Number of shares common stock                          79,609,121

    Comments, if any:  The debtor does not believe that any of its debt securities are held by more than 500 holders.

3. Brief description of debtor's business:  Diebold Nixdorf, Incorporated automates, digitizes and transforms the way people bank and shop. As a partner to the majority of the world's top 100 financial institutions and top 25 global retailers, our integrated solutions connect digital and physical channels conveniently, securely and efficiently for millions of consumers each day.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

 The Vanguard Group (6.2%); BlackRock, Inc. (5.6%)

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code.  Each Debtor is listed with the last four digits of its federal tax identification number.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Diebold Holding Company, LLC.

Diebold Holding Company, LLC (3478)
Diebold Nixdorf, Incorporated (3970)
Diebold Nixdorf Technology Finance, LLC (9709)
Diebold Global Finance Corporation (2596)
Diebold SST Holding Company, LLC (3595)
Diebold Self-Service Systems (8298)
Griffin Technology Incorporated (4416)
Impexa, LLC (1963)
Diebold Nixdorf Canada, Limited (N/A)
Diebold Canada Holding Company Inc. (N/A)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>Diebold Nixdorf, Incorporated,<br><br>        Debtor. | Chapter 11<br><br>Case No. 23-_____(____)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) AND 7007.1**

Pursuant to rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Diebold Nixdorf, Incorporated (the "Debtor") states as follows:

- The Debtor has no parent corporation, and no publicly held corporation owns 10% or more of Debtor's stock.
- The Debtor is owned by a number of shareholders, but no shareholder owns 10% or more of Debtor's stock.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Diebold Nixdorf, Incorporated___

United States Bankruptcy Court for the: ___Southern___ District of ___Texas___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration___list of equity holders and corporate ownership statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___06/01/2023___          ✗ */s/ Jonathan B. Leiken*_____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

                                            Jonathan B. Leiken_____
                                            Printed name

                                            Executive Vice President, Chief Legal Officer and Secretary
                                            Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Diebold Nixdorf, Incorporated,<br><br>      Debtor. | Chapter 11<br><br>Case No. 23-_____(___)<br><br>(Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS
## <u>HOLDING THE 30 LARGEST UNSECURED CLAIMS</u>

      Diebold Nixdorf, Incorporated and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>U.S. Debtors</u>"), in the above captioned cases each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  Contemporaneously with the filing of their petitions, the U.S. Debtors are hereby filing a consolidated list of the 30 largest unsecured creditors of the U.S. Debtors (the "<u>Creditors List</u>") in lieu of a separate list for each U.S. Debtor, consistent with Rule F.14 of the *Procedures for Complex Cases in the Southern District of Texas*.

      The Creditors List is based on the U.S. Debtors' unaudited books and records as of the petition date and was prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(d) for filing in the chapter 11 case.  The Creditor List does not include:  (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code; or (2) secured creditors, unless the value of a secured creditor's collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.  The information contained herein constitutes neither an admission by the U.S. Debtors, nor does it constitute a waiver of the U.S. Debtors' right to contest the validity, priority or amount of any claim at a later date.

**Fill in this information to identify the case:**

Debtor name: Diebold Holding Company, LLC, *et al*.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): _____TBD_____

☐ Check if this is an amended filing

Official Form 204

### Chapter 11 or Chapter 9: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | U.S. Bank Global Corporate Trust (8.5% Senior Notes Due 2024 Trustee) Attn: David A. Schlabach, Vice President/Relationship Manager 1350 Euclid Avenue, Suite 1100 Cleveland, OH 44115 | U.S. Bank Global Corporate Trust (8.5% Senior Notes Due 2024 Trustee) Attn: David A. Schlabach, Vice President/Relationship Manager Phone: 216.623.5987 Fax: 216.623.9259 E-mail: david.schlabach@usbank.com | Unsecured Debt | | | | $72,895,216.44 |
| 2 | Accenture International Limited Attn: Sharma Sukanya 1 Grand Canal Square Grand Canal Harbour Dublin 2 D02 P820 Ireland | Accenture International Limited Attn: Sharma Sukanya E-mail: sukanya.sharma@accenture.com | Trade Claim | | | | $31,455,988.98 |
| 3 | Ernst & Young LLP Attn: Walters Gina, Associate Director 200 Plaza Drive Secaucus, NJ 07094 | Ernst & Young LLP Attn: Walters Gina, Associate Director Phone: 313-628-8402 E-mail: gina.walters@ey.com | Trade Claim | | | | $23,312,012.59 |
| 4 | The Act 1 Group Inc. Attn: Leon Andrea 50 Paxman Road Etobicoke, ON M9C 1B7 Canada | The Act 1 Group Inc. Attn: Leon Andrea Phone: 310-750-3400 E-mail: aleon@agile1.com | Trade Claim | | | | $3,604,079.29 |
| 5 | Element Fleet Corporation Attn: Bettis Rick 940 Ridgebrook Road Sparks, MD 21152 | Element Fleet Corporation Attn: Bettis Rick Phone: 410-771-2302 E-mail: rbettis@elementcorp.com | Trade Claim | | | | $3,281,212.31 |
| 6 | Nidec Instruments America Corporation Attn: Wicker Krista 275 Northridge Dr Shelbyville, IN 46176 | Nidec Instruments America Corporation Attn: Wicker Krista Phone: 317-421-2220 E-mail: kwicker@us.nidec-sankyo.com | Trade Claim | | | | $2,919,537.61 |
| 7 | Arcatech Systems Attn: Brian Boffo 12215 Waters Park Rd Austin, TX 78759 | Arcatech Systems Attn: Brian Boffo Phone: 919-442-2532 E-mail: brianb@arcatechsystems.com | Trade Claim | | | | $2,898,684.56 |
| 8 | RXO Managed Transport LLC Attn: Chelcie Baldwin 11215 North Community House Road Charlotte, NC 28277 | RXO Managed Transport LLC Attn: Chelcie Baldwin Phone: 980-495-8409 E-mail: chelcie.baldwin@rxo.com | Trade Claim | | | | $2,225,623.44 |
| 9 | Alexander Mann Solutions Corporation Attn: Chris Allen 1301 E 9th Street Cleveland, OH 44114 | Alexander Mann Solutions Corporation Attn: Chris Allen Phone: 561-212-5851 E-mail: chris.allen@alexmann.com | Trade Claim | | | | $2,081,046.76 |
| 10 | Dormakaba USA Inc. Attn: Rachel Mango 6161 E 75th Street Indianapolis, IN 46250 | Dormakaba USA Inc. Attn: Rachel Mango Phone: 859-977-3538 E-mail: rachel.mango@dormakaba.com | Trade Claim | | | | $2,056,746.47 |

Debtor: Diebold Holding Company, LLC, *et al* .

Case number (if known) ___TBD_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | Oracle America Inc.<br>Attn: Steve Paynter<br>500 Oracle Parkway<br>Redwood City, CA 94065 | Oracle America Inc.<br>Attn: Steve Paynter<br>Phone: 866-491-2250<br>E-mail: cash-appsin_ww@oracle.com | Trade Claim | | | | $2,045,707.09 |
| 12 | Hilscher Clarke Electric<br>Attn: Mike Davis<br>519 4th St NW<br>Canton, OH 44703 | Hilscher Clarke Electric<br>Attn: Mike Davis<br>Phone: 330-323-4856<br>E-mail: mdavis@hilscher-clarke.com | Trade Claim | | | | $1,851,632.99 |
| 13 | Microsoft Corporation<br>Attn: Dannette Roberts<br>One Microsoft Way<br>Redmond, WA 98052 | Microsoft Corporation<br>Attn: Dannette Roberts<br>Phone: 510-427-0137<br>E-mail: dannettr@microsoft.com | Trade Claim | | | | $1,841,528.50 |
| 14 | KPMG LLP<br>Attn: Shirley Haidle<br>3 Chestnut Ridge Road<br>Montvale, NJ 07645-0435 | KPMG LLP<br>Attn: Shirley Haidle<br>Phone: 801-237-1464<br>E-mail: shaidle@kpmg.com | Trade Claim | | | | $1,627,010.00 |
| 15 | PC Partner Ltd.<br>Attn: Sam Ng<br>No. 1 Queen's Road Central<br>Hong Kong<br>China | PC Partner Ltd.<br>Attn: Sam Ng<br>Phone: 26876858<br>E-mail: samng@pcpartner.com | Trade Claim | | | | $1,588,359.80 |
| 16 | Cennox Inc.<br>Attn: Amy Mill<br>3010 Santa Fe Court<br>Missoula, MT 59808 | Cennox Inc.<br>Attn: Amy Mill<br>Phone: 406-251-5041<br>E-mail: amy.mill@cennox.com | Trade Claim | | | | $1,571,247.41 |
| 17 | PricewaterhouseCoopers LLP<br>Attn: Cheryl Hall<br>One North Wacker<br>Chicago, IL 60606 | PricewaterhouseCoopers LLP<br>Attn: Cheryl Hall<br>Phone: 216-875-3553<br>E-mail: cheryl.a.hall@us.pwc.com | Trade Claim | | | | $1,335,000.00 |
| 18 | HQI LLC<br>Attn: Vincent Sivori<br>920 Bloomfield Rd<br>Springfield, KY 40069 | HQI LLC<br>Attn: Vincent Sivori<br>Phone: 502 502-643-5703<br>E-mail: vincent.sivori@yahoo.com | Trade Claim | | | | $1,270,838.93 |
| 19 | PRIMAT d.d.<br>Attn: Irena Ocvirk<br>Industrijska ulica 22<br>Maribor 2000<br>Slovenia | PRIMAT d.d.<br>Attn: Irena Ocvirk<br>Phone: +386 2 250 76 92<br>E-mail: irena.ocvirk@primat.si | Trade Claim | | | | $1,113,783.92 |
| 20 | Inspur Financial Information Technology Co Ltd.<br>Attn: Bright Xia<br>No. 818 Wusong Road<br>Su Zhou 215124<br>China | Inspur Financial Information Technology Co Ltd.<br>Attn: Bright Xia<br>Phone: 86 21 6081 9439<br>E-mail: xiajianguo@inspur.com | Trade Claim | | | | $1,109,322.46 |
| 21 | Trinamix Inc.<br>Attn: Prantik Chakraborty<br>123 E San Carlos St, Unit 15<br>San Jose, CA 95112 | Trinamix Inc.<br>Attn: Prantik Chakraborty<br>Phone: 925-548-7817<br>E-mail: prantik.chakraborty@trinamix.com | Trade Claim | | | | $1,084,380.63 |
| 22 | National Services LLC<br>Attn: Walt Bearden<br>315 Trane Drive<br>Knoxville, TN 37919 | National Services LLC<br>Attn: Walt Bearden<br>Phone: 865-405-2336<br>E-mail: waltb@nsa.bz | Trade Claim | | | | $1,042,839.92 |
| 23 | Defy Security LLC<br>Attn: Rocky Bowermaster<br>375 Southpointe Blvd Ste 210<br>Canonsburg, PA 15317-8587 | Defy Security LLC<br>Attn: Rocky Bowermaster<br>Phone: 937-418-3102<br>E-mail: rocky@defysecurity.com | Trade Claim | | | | $961,543.46 |
| 24 | Partners In Tech Services Inc.<br>Attn: Ashley Gropack<br>990 Corporate Drive Suite 610<br>Westbury, NY 11590 | Partners In Tech Services Inc.<br>Attn: Ashley Gropack<br>Phone: 732-580-3390<br>E-mail: ashley@partnerstechs.com | Trade Claim | | | | $957,684.70 |

Debtor: Diebold Holding Company, LLC, *et al.*                                                                                                                      Case number (if known) ___TBD_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 25 | Acbel Polytech Inc. Attn: Jessica Li No.159, Sec. 3, Danjin Rd. Tamsui Dist., New Taipei City 251 Taiwan | Acbel Polytech Inc. Attn: Jessica Li Phone: 011-886-2-2623-6530 E-mail: jessica_li@apitech.com.tw | Trade Claim | | | | $947,089.28 |
| 26 | Yongzhou Yalide Technology Co Ltd Attn: Jack Zhao No. 121 Lane One The Third Industry Area Matigang Dalingshan Dongguan, Guangdong 523810 China | Yongzhou Yalide Technology Co Ltd Attn: Jack Zhao Phone: 15831031770 E-mail: cjcrubber@cjcmotor.com | Trade Claim | | | | $909,967.10 |
| 27 | Shell Oil Products US Attn: Brian Edmonds 3333 Highway 6 South Houston, TX 77082 | Shell Oil Products US Attn: Brian Edmonds Phone: 713-241-8276 E-mail: brian.edmonds@shell.com | Trade Claim | | | | $905,530.02 |
| 28 | St. Moritz Security Services Inc. Attn: Brian Fiscus 4600 Clairton Blvd Pittsburgh, PA 15236 | St. Moritz Security Services Inc. Attn: Brian Fiscus Phone: 412-885-3144 E-mail: bfiscus@smssi.com | Trade Claim | | | | $883,973.74 |
| 29 | Tri Star Inc. Attn: Lisa Zhou No. 1888 Jintong Avenue, Tongzhou Development Area Tongzhou, Jiangsu 226300 China | Tri Star Inc. Attn: Lisa Zhou Phone: +86 513 86557000 E-mail: lisazhou@tristarinc.com | Trade Claim | | | | $867,266.68 |
| 30 | Clinton Electronics Corporation Attn: Judy Laird 6701 Clinton Road Loves Park, IL 61111 | Clinton Electronics Corporation Attn: Judy Laird Phone: 815-921-8062 E-mail: jlaird@clintonelectronics.com | Trade Claim | | | | $813,305.28 |

**Execution Version**

**DIEBOLD NIXDORF, INCORPORATED**
(an Ohio Corporation)
**CERTIFICATE OF RESOLUTION**
**MAY 31, 2023**

I, Jonathan Leiken, the Executive Vice President, Chief Legal Officer and Secretary of Diebold Nixdorf, Incorporated, an Ohio corporation (the "Company"), do hereby certify that: (a) I am the duly elected, qualified Corporate Secretary of the Company; (b) the following resolutions were duly adopted by the Board of Directors of the Company (the "Board"), as of May 31, 2023, in accordance with the requirements of applicable law; and (c) said resolutions have not been amended, modified or rescinded and are in full force and effect as of the date hereof.

**WHEREAS**, on May 30, 2023, the Company Parties (as defined below) entered into a restructuring support agreement (the "Restructuring Support Agreement"), by and among:

1. the Company and each of its direct and indirect subsidiaries listed on Exhibit A-1 to the Restructuring Support Agreement (collectively, the "Company Parties");

2. certain holders of claims arising under that certain prepetition priority term loan facility due July 2025, provided for under that certain Credit Agreement, dated as of December 29, 2022, by and among the Company and Diebold Nixdorf Holding Germany GMBH, as borrowers, certain of the Company Parties, as guarantors, the lenders party thereto, and GLAS Americas LLC, as administrative agent and collateral agent, as amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time;

3. certain holders of claims under that certain prepetition first lien term loan facility due 2025, provided for under that certain Credit Agreement, dated as of December 29, 2022, by and among the Company, as borrower, certain of the Company Parties, as guarantors, the lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, and GLAS Americas LLC, as collateral agent, as amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time;

4. certain holders of claims arising under those certain 9.375% senior secured notes due 2025, issued by the Company, pursuant to the that certain amended and restated senior secured notes indenture, dated as of December 29, 2022, among the Company, as issuer, certain of the Company Parties, as guarantors, the GLAS Americas LLC, as collateral agent, and U.S. Bank Trust Company, National Association, as trustee, as amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time;

5.     certain holders of claims arising under those certain 9.00% senior secured notes due 2025, issued by Diebold Netherlands (as defined below), pursuant to that certain amended and restated senior secured notes indenture, dated as of December 29, 2022 among Diebold Netherlands, as issuer, the Company, as guarantor, certain of the Company Parties, as guarantors, the U.S. Bank Trust Company, National Association, as trustee, and [GLAS Americas LLC], as collateral agent, as amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time;

6.     certain holders of claims arising under those certain 8.50%/12.50% senior secured PIK toggle notes due 2026, issued by the Company, in an original aggregate principal amount of $333,616,814, pursuant to that certain senior secured PIK toggle notes indenture, dated as of December 29, 2022, among the Company, as issuer, certain of the Company Parties, as guarantors, the U.S. Bank Trust Company, National Association, as trustee, and GLAS Americas LLC, as collateral agent, as amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time; and

7.     each DIP Backstop Party (as defined in the Restructuring Support Agreement) (the parties described in items 2 through 6, collectively, the "Consenting Stakeholders"),

which contemplates a comprehensive restructuring of the Company Parties on the terms set forth in the Restructuring Support Agreement (the "Restructuring Transactions");

**WHEREAS**, pursuant to the Restructuring Support Agreement, the Company Parties and the Consenting Stakeholders agreed, among other things, to effectuate the Restructuring Transactions through the commencement of voluntary reorganization cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") by the Company; Diebold Nixdorf Technology Finance, LLC; Diebold Global Finance Corporation; Diebold SST Holding Company, LLC; Diebold Holding Company, LLC; Diebold Self-Service Systems; Griffin Technology, Incorporated; Diebold Nixdorf Canada, Limited; and Diebold Canada Holding Company Inc. (collectively, the "Chapter 11 Debtors") and the filing of a joint plan of reorganization (the "U.S. Plan") and disclosure statement (the "Disclosure Statement") in the course of the Chapter 11 Cases and pursuant to the terms of chapter 11 of the Bankruptcy Code;

**WHEREAS**, pursuant to the Restructuring Support Agreement, the Company Parties and the Consenting Stakeholders agreed, among other things, further to effectuate the Restructuring Transactions through the commencement of voluntary reorganization proceedings (the "Dutch Proceeding") pursuant to the *Wet Homologatie Onderhands Akkoord* (the "WHOA") under Netherlands law by Diebold Nixdorf Dutch Holding B.V. ("Diebold Netherlands") in the District Court of Amsterdam (the "Dutch Court") and seek recognition of the Dutch Proceeding under chapter 15 of the Bankruptcy Code (the "Chapter 15 Cases" and, together with the Chapter 11 Cases and the Dutch Proceeding,

2

the "Restructuring Proceedings") and seek confirmation and consummation of a plan of reorganization under the WHOA (the "WHOA Plan");

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company regarding the material terms of the U.S. Plan and the WHOA Plan, pursuant to which the U.S. Debtors and Diebold Netherlands would, among other things, implement a reorganization of the Company Parties' liabilities;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company regarding the material terms of the proposed Disclosure Statement and related solicitation procedures;

**WHEREAS**, that the Board authorized and approved the initiation of solicitation proceedings with respect to the U.S. Plan and the WHOA Plan, as contemplated by the Restructuring Support Agreement and as described in the Disclosure Statement, as each may be amended or modified from time to time; and

**WHEREAS**, the Board has (a) regularly and carefully reviewed the materials and other information presented by the Company's management and advisors regarding the Company's business conditions, the Company's operations, its current and projected financial position and other relevant information; (b) thoroughly evaluated the Company's strategic alternatives, including a possible restructuring; (c) conferred extensively with the Company's management and advisors regarding these matters; (d) determined that the filing of a voluntary petitions under chapter 11 of the Bankruptcy Code by the Company and the Chapter 11 Debtors is in the best interests of the Company, its subsidiaries and affiliates and its stakeholders; (e) determined that the filing of a voluntary start declaration by Diebold Netherlands under the WHOA is in the best interests of the Company, its subsidiaries and affiliates and its stakeholders; (f) determined that the filing of a voluntary petition for relief under chapter 15 of the Bankruptcy Code by Diebold Netherlands is in the best interests of the Company, its subsidiaries and affiliates and its stakeholders; (g) determined that commencing recognition proceedings in other jurisdictions, as necessary and determined by an Authorized Person, may be appropriate to ensure complete implementation of the U.S. Plan and WHOA Plan; and (h) determined that consummation of the Financing Transactions (defined below) is necessary and appropriate to ensure implementation of the U.S. Plan and the WHOA Plan.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company, the other U.S. Guarantors and their stakeholders that the Chapter 11 Debtors seek relief under chapter 11 of the Bankruptcy Code or in any other appropriate forum for an order recognizing the U.S. Plan or otherwise implementing the U.S. Plan as circumstances require;

**FURTHER RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company, Diebold Netherlands and their stakeholders that Diebold Netherlands seek relief under the WHOA and chapter 15 of the Bankruptcy Code or in any

NAI-1536832281v5

other appropriate forum for an order recognizing the WHOA Plan or otherwise implementing the WHOA Plan as circumstances require;

**FURTHER RESOLVED**, that the Chapter 11 Debtors, shall be, and it hereby are, authorized to file voluntary petitions (the "Petitions") to initiate the Chapter 11 Cases, in the United States Bankruptcy Court for the Southern District of Texas or such other court (the "Bankruptcy Court") as each "Authorized Person" (as defined below) of the Company shall determine to be appropriate and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

**FURTHER RESOLVED**, that Diebold Netherlands shall be, and hereby is, authorized to file a voluntary start declaration (the "Start Declarations") to initiate the Dutch Proceeding in the Dutch Court and a voluntary petition under chapter 15 of the Bankruptcy Code with the Bankruptcy Court and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness or necessity thereof;

**FURTHER RESOLVED**, that each Authorized Person shall be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to: (a) execute, acknowledge, deliver and verify the Start Declaration and/or Petitions and all other ancillary documents, and cause the Start Declaration and/or Petitions to be filed with the Dutch Court or Bankruptcy Court, as appropriate, and make or cause to be made prior to execution thereof any modifications to the Start Declaration, Petitions or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Company's Restructuring Proceedings in such form or forms as any such Authorized Person may approve; and the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of the Petitions and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof; and (d) to take any action as may be deemed necessary, desirable or appropriate to carry out the intent of this resolution, including the filing of the Petitions and any ancillary documents;

**FURTHER RESOLVED**, that the Board authorizes, confirms, approves and ratifies the form, terms and provisions of, and each of the Restructuring Transactions contemplated by the Restructuring Support Agreement, the U.S. Plan, the WHOA Plan and the Disclosure Statement, as each may be amended or modified from time to time, and the filing thereof with the Bankruptcy Court and/or the Dutch Court, as applicable;

4

**FURTHER RESOLVED**, that Mr. Carlin Adrianopoli is hereby appointed as Foreign Representative for the purposes of any case commenced under chapter 15 of the Bankruptcy Code or any other proceeding in any forum where recognition of a Restructuring Proceeding is necessary and advisable;

**FURTHER RESOLVED**, that Mr. Carlin Adrianopoli is hereby authorized, empowered, and directed, or failing him any other Authorized Person from time to time, without joinder of any other Authorized Person, in the name and on behalf of the Company, to enter into, swear or affirm, execute, deliver, certify, file or record, including with any U.S. bankruptcy court with respect to any cases commenced under chapter 15 of the Bankruptcy Code, or any other proceeding in any forum where recognition of the Restructuring Proceedings is necessary and advisable, and any related pleadings, affidavits, motions, applications, declarations, and other documentation that shall be or become necessary, proper, or desirable in connection with such chapter 15 cases, or any other proceeding in any forum where recognition of a Restructuring Proceedings is necessary and advisable, and to take such actions as he deems appropriate in connection therewith;

**FURTHER RESOLVED**, that the Authorized Persons shall be, and each of them individually hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to retain: (a) Jones Day; (b) Ducera Partners LLC; (c) Jackson Walker LLP; (d) FTI Consulting, Inc.; (e) Kroll Restructuring Administration, LLC; and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, experts, agents or brokers (together with the foregoing identified firms, the "Professionals"), in each case as in any such Authorized Person's judgment may be necessary, desirable or appropriate in connection with the Company's Restructuring Proceedings and other related matters, on such terms as such Authorized Person or Authorized Persons shall approve and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that the law firms of Jones Day and Jackson Walker LLP and any additional special or local counsel selected by the Authorized Persons, if any, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with any Restructuring Proceedings commenced by or against it under the WHOA or the Bankruptcy Code or in any other appropriate forum in which the Company may seek recognition;

**FURTHER RESOLVED**, that the Company, as debtor and debtor in possession, shall be, and it hereby is, authorized to: (a) enter into and incur any obligations under one or more debtor in possession financing facility or facilities (collectively, the "DIP Facilities"), which may provide for, among other things, subject to the satisfaction of certain conditions, the automatic conversion of all or a portion of the outstanding loans under such DIP Facilities into new loans issued, deemed issued and/or refinanced under exit facilities (collectively, the "Exit Facilities") and such other terms as may be approved by any one or more of the Authorized Persons, and to consummate the transactions contemplated thereby, including, without limitation, the use of cash collateral and the repayment and/or refinancing of certain indebtedness of the Company or its subsidiaries with the proceeds

5

thereof (collectively, the "Financing Transactions"), as may be necessary, desirable or appropriate for the continuing conduct of the affairs of the Company; (b) enter into any amendment, amendment and restatement, supplement, replacement, refinancing or other modification to any of the Company's existing credit agreements, loan agreements, indentures or other agreements governing indebtedness or other obligations and liabilities of the Company and its subsidiaries, including, without limitation, any lien or guarantee release or other termination agreements, documents and instruments, in each case, as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons in connection with the Financing Transactions; and (c) pay any and all related fees and expenses, incur (or guarantee, as applicable) the debt and other obligations and liabilities contemplated by the Financing Transactions and to grant security interests in and liens upon some, all or substantially all of the Company's assets in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons in connection with the Financing Transactions;

**FURTHER RESOLVED**, that:  (a) the Authorized Persons shall be, and each of them individually, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such certificates, instruments, guaranties, credit agreements, pledge agreements, security agreements, promissory notes, letter of credit applications, mortgages, intellectual property security agreements, account control agreements, intercreditors, other collateral documents or security instruments, instruments, notices and any and all other agreements or documents arising in connection with the Financing Transactions as any one or more of the Authorized Persons may deem necessary, desirable or appropriate to facilitate the Financing Transactions (including, for the avoidance of doubt, to facilitate, initiate or otherwise consummate the transactions contemplated by the Exit Facilities), in each case including any amendments, amendment and restatements, supplements, replacements, refinancings or other modifications to the foregoing (collectively, the "Financing Documents"); (b) the Financing Documents, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Persons, are hereby adopted, ratified, confirmed and approved in all respects; and (c) the actions of any Authorized Person taken pursuant to these resolutions, including the execution, acknowledgement, delivery and verification of all such Financing Documents, shall be conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person be, and hereby is, authorized with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, any and all such agreements, documents certificates, instruments, statements, notices, undertakings, amendments and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of the Authorized Person shall be necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions adopted herein;

NAI-1536832281v5

**FURTHER RESOLVED**, that the signature of any director or Authorized Person may, but need not, be a facsimile or electronic signature imprinted or otherwise reproduced on the documents, and for that purpose the Company hereby adopts as binding upon it the facsimile signature of any present or future director or Authorized Person, notwithstanding the fact that at the time the documents shall be executed, authenticated or delivered or disposed of such person shall have ceased to be a director or Authorized Person of the Company and that, in case any director or Authorized Person of the Company whose facsimile signature shall appear on the documents shall cease to hold such office before the documents have been executed, authenticated and delivered or disposed of by the Company, such documents nevertheless may be executed, authenticated and delivered or disposed of and such documents shall be valid as though such person had not ceased to hold such position with the Company; and that any such documents as shall have been so executed authenticated, delivered or disposed of are hereby adopted by the Company as its binding obligations;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or at the direction of an Authorized Person, or by any of the Professionals at the direction of an Authorized Person, in connection with the Restructuring Proceedings or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

**FURTHER RESOLVED**, that any and all lawful actions and transactions by any Authorized Person, or at the direction of an Authorized Person, for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions, including in connection with the Financing Transactions, before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes;

**FURTHER RESOLVED**, that the Secretary and any Authorized Person hereby are authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the Secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Person" shall mean and include the President, Chief Executive Officer, Executive Vice Presidents, Senior Vice Presidents, Vice Presidents, Treasurer and Secretary, or any designee of any of them, of the Company and Mr. Carlin Adrianopoli.

CERTIFIED, by the undersigned this 31st day of May, 2023

By: _____

Name:   Jonathan Leiken
Title:   Corporate Secretary